UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SA LUXURY EXPEDITIONS, LLC,<br><br>                            Plaintiff,<br><br>    -against-<br><br>BERNARD SCHLEIEN and PERU FOR LESS LLC,<br><br>                          Defendants. | Civil Action No.: 22-cv-3825<br><br>**COMPLAINT** |

Plaintiff SA Luxury Expeditions, LLC ("Plaintiff" or "SA Luxury"), by and through its attorneys, Tarter Krinsky & Drogin LLP, as and for its Complaint against Defendants Bernard Schleien ("Schleien") and Peru For Less LLC ("Peru for Less"), alleges as follows:

**NATURE OF THE ACTION**

1. This is an action for breach of contract and unfair competition brought against Schleien and a company he controls, Peru for Less.

2. SA Luxury operates a tour business that competes with companies owned and controlled by Schleien. In September 2015, SA Luxury and Schleien entered into an agreement to settle claims of false advertising and fraud, among others, that SA Luxury had brought concerning Schleien's creation and operation of a website providing fake negative reviews about SA Luxury. As part of the settlement agreement, Schleien agreed not to make written or oral disparaging statements about SA Luxury. But Schleien once again has started posting, or causing to be posted, fake negative reviews about SA, breaching the parties' agreement and causing harm to SA. Schleien and his company, Defendant Peru for Less, are also unfairly competing with SA Luxury

1

by creating false sales leads directed at SA Luxury, the receipt of each of which causes SA Luxury to incur a fee.

## THE PARTIES

3. SA Luxury is a California limited liability company with a principal place of business in San Francisco, California. All members of SA Luxury are domiciled in California.

4. Upon information and belief, Schleien is individual who is a citizen of Peru residing in Peru.

5. Peru for Less is a Delaware limited liability company with a principal place of business in Round Rock, Texas. Upon information and belief, Schleien is the sole owner and controls Peru for Less. Upon information and belief, all members of Peru for Less are domiciled in Peru.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over the subject matter of these claims pursuant to 28 U.S.C. § 1332, as there is complete diversity of citizenship between Plaintiff and Defendants and the amount in controversy exceeds $75,000.

7. The Court has personal jurisdiction over the Defendants under N.Y. CPLR §§ 301, 302, and 501, in that Schleien has consented to the jurisdiction of this Court pursuant to an express forum selection clause in his settlement agreement with SA Luxury, and both Schleien and Peru for Less have committed tortious acts of unfair competition in New York against SA Luxury and/or they have committed tortious acts of unfair competition outside New York that caused injury to SA Luxury's property within New York, and they regularly do or solicit business in New York and/or derive substantial revenue from goods used or consumed or services rendered, in the state.

8. Among other things, Peru for Less, acting at the direction of Schleien, specifically targets consumers located in New York and derives a substantial amount of its revenue from consumers located in New York. Upon information and belief, at all relevant times, Schleien knew that the illegal acts of Peru for Less complained of herein, all of which were done at the direction of Schleien, would cause consumers located in New York to not engage the services offered by SA Luxury and, instead, use the services offered by Peru for Less.

9. Venue is proper in this district because a substantial part of the events giving rise to the claims at issue occurred in this judicial district, and pursuant to the forum selection clause in the agreement between SA Luxury and Schleien.

## **FACTS**

10. SA Luxury provides private, tailor-made, sustainable tours to premier destinations in the Americas and the southern polar regions. Among other destinations, SA Luxury provides trips to and around locations in Peru, such as Machu Picchu.

11. SA Luxury is a Certified B Corporation, a designation that a business is meeting high standards of verified performance, accountability, and transparency on factors from employee benefits and charitable giving to supply chain practices and input materials. Among other things, a Certified B Corporation must: demonstrate high social and environmental performance; make a legal commitment by changing their corporate governance structure to be accountable to all stakeholders, not just shareholders, and achieve benefit corporation status if available in their jurisdiction; and exhibit transparency by publicly providing certain information about their performance. See: https://www.bcorporation.net/en-us/certification.

12. Schleien is the owner and operator of various tour companies, such as Peru for Less and Latin America for Less LLC, through which he provides private trips to and around locations in Peru, such as Machu Picchu.

13. Peru for Less and Schleien each are competitors of SA Luxury.

14. On September 9, 2014, SA Luxury filed an action in the United District Court for the Northern District of California entitled *SA Luxury Expeditions LLC v. Latin America for Less, LLC*, Case No. 3:14-cv-4085-WHA (the "Action").

15. Schleien was named as a defendant in the Action.

16. In the Action, SA Luxury asserted claims against Schleien for: false advertising under the Lanham Act, 15 U.S.C. § 1125(a); fraud; fraud on the Patent and Trademark Office; violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030; and interference with business expectancy (collectively, the "Claims").

17. Some of SA Luxury's Claims in the Action arose from Schleien's creation and publication of negative reviews about SA Luxury on third-party websites, including the websites located at tripadvisor.com, fodors.com, yelp.com, roughguides.com, and plus.google.com.

18. On September 11, 2015, SA Luxury and Schleien entered into an agreement to settle SA Luxury's claims (the "Agreement"). A copy of the Agreement is attached hereto as Exhibit A.

19. Section 6 of the Agreement, entitled, "Mutual Non-Disparagement," states:

(a) As of the Effective Date, Schleien shall not make any written or oral statement that disparages SA Luxury or its current or former employees or agents in any way, and SA Luxury shall not make any written or oral statement that disparages Schleien, or his current or former employees or agents in any way, except as necessary: a) to comply with the provisions of this Settlement Agreement, including seeking judicial relief in enforcing this Settlement Agreement; b) to pursue other judicial relief in good faith not contemplated or covered by this Settlement Agreement; and c) to comply with the law, a government investigation,

4

or a valid court order or compulsory process of a court of competent jurisdiction, in which event the Party making the statement shall so notify the other Party as promptly as is practicable (if possible, prior to making such statement) and shall seek confidential treatment of such information. For purposes of this Paragraph, the term "disparage," shall be interpreted broadly as describing a person in a manner that could reasonably be construed to portray that person in a negative light, including by describing the person as dishonest, incompetent, corrupt, immoral, unethical, weak, unimportant, evil, or craven.

(b) This Section is a material provision of the Settlement Agreement, and any violation thereof shall be considered a material breach of the Settlement Agreement. The Parties acknowledge and agree that a breach of this Section would cause irreparable injury to the nonbreaching Party, and would therefore entitle the non-breaching Party to injunctive relief, including but not limited to a temporary restraining order and a preliminary injunction. If a Party seeks judicial relief under this Section 6, the Parties will stipulate to a consensual preliminary injunction.

20.     Section 13 of the Agreement, entitled, "Choice of Law and Venue," states:

This Settlement Agreement shall be construed in accordance with, and be governed by, the laws of the State of New York. The Parties agree that any dispute resulting in a legal proceeding arising out of, relating to, or to enforce any term of this Settlement Agreement shall be brought only in state or federal court located in New York, New York, which court shall have exclusive jurisdiction over any such dispute.

21.      Section 14 of the Agreement, entitled, "Service of Process" provides:

If a Party initiates a legal proceeding under Paragraph 13 of this Settlement Agreement, the other Party (the "Defending Party") agrees that he/it will, upon written notice provided by both email and postal mail, appear in such legal proceeding and accept service of process and other papers personally or by an attorney of the Defending Party's choice. If the Defending Party fails upon such notice to appear, the Defending Party hereby designates the New York Secretary of State as his/its agent for the service of process in any such proceeding.

22.  Section 15 of the Agreement, entitled, "Attorney's Fees," provides, in pertinent part,

In the event that any of the Parties brings any legal proceeding of any kind arising out of, relating to, or to enforce any term of this Settlement Agreement, the prevailing Party in that legal proceeding shall be entitled to all of his reasonable attorney's fees and costs incurred in enforcing this Settlement Agreement.

23.     Beginning in 2020 and continuing through at least 2021, , SA Luxury noticed fake reviews concerning itself posted on Trustpilot (trustpilot.com), a well-respected review platform.

24. Each of the reviews gave a 4-star rating (out of 5 possible stars) to SA Luxury's services.

25. While none of the reviews made explicitly disparaging comments about the services provided by SA Luxury, the purpose of the 4-star reviews clearly was to disparage SA Luxury's services and make it more difficult for SA Luxury to compete for business.

26. The fake 4-star reviews were written in a clever way that attempted to cast doubt on value of SA Luxury's services, but without being explicitly negative. Had they been explicitly negative while providing a 4-star review, it is likely they would have been immediately flagged as potentially fake by Trustpilot's systems.

27. At the time the reviews were posted on Trustpilot, SA Luxury had a 5-star perfect rating.

28. The 4-star reviews had the effect of lowering SA Luxury's review "score" to 4.9 stars, which was enough to significantly depress SA Luxury's ranking and push it down in the listings below all the other travel companies with 5-star ratings.

29. One of those 5-star companies was Schleien's company, Peru for Less.

30. Upon information and belief, at least some, and potentially all, of the fake, 4-star reviews were posted by Schleien or at his direction.

31. This belief is based on the strong similarity between the writing style and approach of the 4-star reviews and other fake reviews written by Schleien in the past, including Schleien's creation and publication of negative reviews about SA Luxury on third-party websites, which were the subject of the Action.

32. Trustpilot subsequently removed these 4-star reviews as fake.

33. In late February 2022, SA Luxury began receiving a considerable amount of fraudulent activity occurring on its pay-per-click ("PPC") Internet advertising.

34. PPC is an Internet advertising model under which advertisers pay a fee to a provider each time one of the advertiser's online ads is clicked by an Internet user. An example of this model is advertising on search engine webpages, which provide sponsored advertising links along with other search results; the advertising links typically have been purchased to appear when particular search terms are used. Each time a sponsored advertising link is clicked, the advertiser must pay a fee to the search engine provider, such as Google.

35. SA Luxury uses PPC advertising to obtain leads for customers looking for tour services in Peru.

36. But beginning in February 2022, SA Luxury began receiving a substantial number of fraudulent leads, disproportionate to SA Luxury's prior experience.

37. Fraudulent clicks and leads on its advertising incur substantial costs for SA Luxury.

38. SA Luxury typically pays between $5 and $10 for clicks on its PPC ads.

39. Since February 2022, SA Luxury has received a significant number of fake leads nearly every Monday, Tuesday, Wednesday, and Friday.

40. The fake leads are submitted during Peruvian working hours.

41. The fake leads are not submitted during Peruvian holidays, such as the extended Easter weekend and Peruvian Labor Day, which occurs on May 1.

42. Software used by SA Luxury to monitor for fraudulent leads also shows that significant fake click activity to its marketing campaigns does not occur during Peruvian non-working days and hours.

43. That number of leads received by SA Luxury since February 2022 greatly exceeds SA Luxury's prior experience.

44. Upon information and belief, the increased number of leads was due to fraudulent activity caused in whole or in part by Schleien and employees of Peru for Less acting at the direction of Schleien including, but not limited to its general manager, Katia Silva, and an employee, Gabriella Smith.

45. In March 2022, SA Luxury retained a certified digital forensic examiner and licensed private investigator to conduct an investigation into the sudden increase in leads it was receiving.

46. The investigation made several pertinent findings:

   a. The March 2022 leads SA Luxury was receiving showed a 429% increase in fraudulent leads compared to a control set of leads received by SA Luxury in October 2021.

   b. Approximately 81% of the leads coming in March 2022 were deemed to be fraudulent, while only about 19% were deemed to be valid. Conversely, in October 2021, approximately 81% of the leads coming in were deemed to be valid while only about 19% were deemed to be fraudulent.

   c. Leads were deemed to be fraudulent based in part on SA Luxury's experiences following up the leads and finding that the email address and/or phone number provided with the lead was invalid or did not belong to the person whose name was in the lead.

   d. Fraudulent leads also used proxy servers and/or originated from regions outside the US and Canada.

47. The investigation identified a lead which was submitted under the name of Patricia Debedout, but which was actually submitted by Schleien.

48. The investigation also identified a lead submitted under the name of a Peru for Less employee, Gabriella Smith, but with a concealed IP address.

49. Based on its investigation, SA Luxury's investigator has determined that at least some of the fraudulent leads were being provided by Schleien and Peru for Less.

**AS AND FOR A FIRST CAUSE OF ACTION**
(Against Schleien for Breach of Contract)

50. SA Luxury restates the allegations set forth in paragraphs 1 through 49 above, as if fully set forth herein.

51. The Agreement constitutes a valid and binding contract between SA Luxury and Schleien.

52. SA Luxury has performed all its material obligations under the Agreement.

53. Schleien has breached his obligations under Section 6(a) of the Agreement not to make a statement disparaging SA Luxury, by posting 4-star and/or other reviews of SA Luxury that portray it in a negative light.

54. As a result of the foregoing, SA Luxury has been damaged in an amount not yet known but will be determined at trial.

**AS AND FOR A SECOND CAUSE OF ACTION**
(Against All Defendants for Unfair Competition)

55. SA Luxury restates the allegations set forth in paragraphs 1 through 54 above, as if fully set forth herein again at length.

56. Schleien is a competitor of SA Luxury.

57. Peru for Less is a competitor of SA Luxury.

58. Schleien and Peru for Less, acting at the direction of Schleien, each have falsely generated leads using SA Luxury's PPC advertising, by submitting potential leads to SA Luxury that were not honestly intended to obtain SA Luxury's services.

59. Instead, Schleien and Peru for Less, acting at the direction of Schleien, each have submitted false leads to SA Luxury, knowing that it would be forced to spend its time and money pursuing these leads under the mistaken belief they are genuine.

60. Upon information and belief, Schleien and Peru for Less each knew that SA Luxury incurs a charge each time they submit a false lead, and that submitting false leads would financially harm SA Luxury.

61. Schleien and Peru for Less each engaged in these actions in order to impair SA Luxury's ability to compete with them, by forcing it to spend its resources chasing false information.

62. Schleien and Peru for Less each intentionally engaged in these actions to harm SA Luxury and its ability to obtain and retain clients.

63. Schleien and Peru for Less, acting at the direction of Schleien, have unfairly competed with SA Luxury by submitting false leads to SA Luxury and causing it to incur significant expense and loss of time to handle the false leads.

64. By reason of the aforementioned actions, Schleien and Peru for Less each has engaged in acts of unfair competition.

65. As a result of the foregoing, SA Luxury has been damaged in an amount of at least $350,000, with damages continuing to accrue each month; the final amount of damages will be determined at trial.

**AS AND FOR A THIRD CAUSE OF ACTION**
(Against All Defendants for Unfair Competition Under Cal. Bus. & Prof. Code §§ 17200 et seq.)

66. SA Luxury restates the allegations set forth in paragraphs 1 through 65 above, as if fully set forth herein again at length.

67. Schleien is a "person" as defined by Cal. Bus. & Prof. Code § 17201.

68. Peru for Less is a "person" as defined by Cal. Bus. & Prof. Code § 17201.

69. Schleien and Peru for Less, acting at the direction of Schleien, each have generated false leads using SA Luxury's PPC advertising, namely, by clicking on advertising for SA Luxury's services without the intent to obtain or obtain information about SA Luxury's services.

70. Instead, Schleien and Peru for Less, acting at the direction of Schleien, have each submitted false leads to SA Luxury, knowing that it would be forced to spend its time and money pursuing these leads under the mistaken belief they are genuine.

71. Upon information and belief, Schleien and Peru for Less each knew that SA Luxury incurs a charge each time they submit a false lead, and that submitting false leads would financially harm SA Luxury.

72. Schleien and Peru for Less each engaged in these actions in order to impair SA Luxury's ability to compete with them, by forcing it to incur unnecessary PPC fees and spend its resources chasing false information.

73. Schleien and Peru for Less each intentionally engaged in these actions to harm SA Luxury and its ability to obtain and retain clients.

74. Schleien and Peru for Less, acting at the direction of Schleien, have unfairly competed with SA Luxury by submitting false leads to SA Luxury and causing it to incur significant expense and loss of time to handle the false leads.

75. The acts of Schleien above constitute an unlawful, unfair, and fraudulent business practice.

76. The acts of Peru for Less above constitute an unlawful, unfair, and fraudulent business practice.

77. The acts of Schleien above are willful and malicious and constitute unfair competition.

78. The acts of Peru for Less above are willful and malicious and constitute unfair competition.

79. SA Luxury has been damaged in an amount of at least $350,000, with damages continuing to accrue each month; the final amount of damages will be determined at trial.

80. Schleien has been unjustly enriched by his unfair and unlawful business acts and practices. SA Luxury is therefore entitled to restitution of all monies unfairly obtained by Schleien through unfair competition and the payment of reasonable attorneys' fees and costs.

81. Peru for Less has been unjustly enriched by its unfair and unlawful business acts and practices. SA Luxury is therefore entitled to restitution of all monies unfairly obtained by Peru for Less through unfair competition and the payment of reasonable attorneys' fees and costs.

## **DEMAND FOR JURY TRIAL**

In accordance with Rule 38 of the Federal Rules of Civil Procedure, Plaintiff respectfully demands a jury trial of all issues triable to a jury in this action

**WHEREFORE**, SA Luxury requests that the Court enter judgment in favor of SA Luxury and against Schleien and Peru for Less, granting the following relief:

1. Preliminary and permanent injunctive relief restraining Defendants, their agents, servants, employees, successors and assigns, and all others in concert and privity with them from submitting false reviews, click fraud and defamation directed at SA Luxury;

2. Awarding compensatory damages, in an amount to be determined at trial;

3. Awarding restitution based on Defendants' unjust enrichment;

4. Awarding SA Luxury its attorney's fees and costs pursuant to its Agreement with Schleien and Cal. Bus. & Prof. Code §§ 17200 *et seq.*;

5. Awarding pre- and post-judgment interest at the maximum rate allowed by law; and

6. Granting such other and further relief as the Court deems just and proper.

Dated: New York, New York
May 11, 2022

**TARTER KRINSKY & DROGIN LLP**
*Attorneys for Plaintiff*

By: /s/ Mark S. Rosenberg
　　Mark S. Rosenberg
　　Joel H. Rosner
1350 Broadway, 11th Floor
New York, New York 10018
Tel (212) 216-8000
Fax (212) 216-8001
mrosenberg@tarterkrinsky.com
jrosner@tarterkrinsky.com