# Exhibit A

SETTLEMENT AGREEMENT AND MUTUAL GENERAL AND SPECIFIC RELEASE

1. <u>Parties</u>: The parties to this Settlement Agreement and Mutual General and Specific Release ("Settlement Agreement"), effective as of the last date of execution hereof ("Effective Date"), are:

   (a) SA Luxury Expeditions LLC ("SA Luxury") and

   (b) Bernard Schleien ("Schleien").

SA Luxury and Schleien may be referred to herein individually as a "Party," and collectively as the "Parties."

2. <u>Recitals</u>:

   (a) On September 9, 2014, SA Luxury filed an action in the United States District Court for the Northern District of California entitled *SA Luxury Expeditions LLC v. Latin America for Less, LLC*, Case No. 3:14-cv-4085-WHA (the "Action").

   (b) Schleien was named as a defendant in the Action.

   (c) In the Action, SA Luxury asserted claims against Schleien for: i) False Advertising under the Lanham Act, 15 U.S.C. §1125(a); ii) Fraud; iii) Fraud on the Patent and Trademark Office; iv) violation of the Computer Fraud and Abuse Act, 18 U.S.C. §1030; and v) Interference with Business Expectancy (collectively, the "Claims").

   (d) Some of SA Luxury's Claims arise from Schleien's alleged creation and operation of a website located at <saluxuryexpeditions-reviews.org> (the "Disputed Website")

   (e) Some of SA Luxury's Claims arise from Schleien's alleged creation and publication of negative reviews about SA Luxury on third party websites, including the websites located at <tripadvisor.com>, <fodors.com>, <yelp.com>, <roughguides.com>, and <plus.google.com> (collectively, the "Disputed Reviews").

   (f) Schleien denies liability for any and all Claims, and enters this Settlement Agreement without any admission of liability.

   (g) It is now the desire and intention of the Parties, fully and finally to settle, compromise, and resolve all of the Claims brought in the Action and all claims and counterclaims that could have been brought in the Action. Accordingly, the Parties have agreed to settle the Action in consideration of the terms and conditions of this Settlement Agreement.

3. <u>Mutual General and Specific Releases</u>:

   (a) Except for the obligations created by or arising out of this Settlement Agreement, each Party does, fully and forever relieve, release, and discharge the other Party, and

any of its/his successors, assigns, employees, attorneys, representatives, agents, and each of them, of any and all debts, liabilities, demands, obligations, promises, acts, contracts, costs, expenses, attorney's fees, damages, actions, and causes of action of every nature, character, and description existing as of the Effective Date, whether known or unknown, including without limitation all claims, counterclaims, and defenses asserted or which could have been asserted in the Action.

4. Notice of Dismissal. SA Luxury shall execute and file a notice of dismissal with prejudice of the Action in its entirety no later than fifteen (15) court days after the Effective Date.

5. Removal of Disputed Website and Disputed Review:

(a) Schleien shall use diligent efforts to remove and delete the Disputed Website in its entirety as expeditiously as possible.

(b) Schleien shall use diligent efforts to remove and delete the Disputed Reviews in their entirety as expeditiously as possible.

(c) This Section is a material provision of the Settlement Agreement, and any violation thereof shall be considered a material breach of the Settlement Agreement. The Parties acknowledge and agree that a breach of this Section would cause irreparable injury to the non-breaching Party, and would therefore entitle the non-breaching Party to injunctive relief, including but not limited to a temporary restraining order and a preliminary injunction. If a Party seeks judicial relief under this Section, the Parties will stipulate to a consensual preliminary injunction requiring the removal of the website or statement in dispute while the request for judicial relief is pending.

6. Mutual Non-Disparagement:

(a) As of the Effective Date, Schleien shall not make any written or oral statement that disparages SA Luxury or its current or former employees or agents in any way, and SA Luxury shall not make any written or oral statement that disparages Schleien, or his current or former employees or agents in any way, except as necessary: a) to comply with the provisions of this Settlement Agreement, including seeking judicial relief in enforcing this Settlement Agreement; b) to pursue other judicial relief in good faith not contemplated or covered by this Settlement Agreement; and c) to comply with the law, a government investigation, or a valid court order or compulsory process of a court of competent jurisdiction, in which event the Party making the statement shall so notify the other Party as promptly as is practicable (if possible, prior to making such statement) and shall seek confidential treatment of such information. For purposes of this Paragraph, the term "disparage," shall be interpreted broadly as describing a person in a manner that could reasonably be construed to portray that person in a negative light, including by describing the person as dishonest, incompetent, corrupt, immoral, unethical, weak, unimportant, evil, or craven.

(b) This Section is a material provision of the Settlement Agreement, and any violation thereof shall be considered a material breach of the Settlement Agreement. The Parties acknowledge and agree that a breach of this Section would cause irreparable injury to the non-breaching Party, and would therefore entitle the non-breaching Party to injunctive relief, including

but not limited to a temporary restraining order and a preliminary injunction. If a Party seeks judicial relief under this Section 6, the Parties will stipulate to a consensual preliminary injunction requiring the removal of the statement in dispute while the request for judicial relief is pending.

7. Execution of Additional Documents: The Parties shall execute and deliver such additional documents as may be reasonably necessary to effectuate the intent and terms and purpose of this Settlement Agreement.

8. Representations and Warranties: The Parties each represent and warrant to the other and agree with each other as follows:

(a) Each Party states that he does not rely upon any statement, representation, or promise of any other Party in executing this Settlement Agreement except such statements, representations, or promises expressly set forth in this Settlement Agreement.

(b) Each Party had the opportunity to be duly represented by counsel in connection with this Settlement Agreement. Each Party and his attorneys have made such investigation of the facts pertaining to this Settlement Agreement as they deem necessary.

9. Entire Agreement: This Settlement Agreement expresses the entire agreement of the Parties. No covenant, agreement, representation, or warranty of any kind whatsoever has been made by any Party, except as specifically set forth in this Settlement Agreement. All prior discussions and negotiations have been, and are, merged and integrated into, and are superseded by, this Settlement Agreement. The Parties intend for this Settlement Agreement to be a fully integrated agreement.

10. Successors and Assigns: This Settlement Agreement shall be binding upon and shall inure to the benefit of the assigns, heirs, licensees, successors, and transferees of the Parties, whether by license, sale, merger, reverse merger, sale of stock, insolvency, sale of assets, operation of law, or otherwise.

11. Execution in Counterparts: This Settlement Agreement may be executed in counterparts and by facsimile or PDF format, each of which shall be deemed an original and all of which when taken together shall constitute one and the same instrument.

12. Headings: The headings in this Settlement Agreement are for convenience of reference only and shall not in any way affect the meaning or construction of any provision of the Settlement Agreement.

13. Choice of Law and Venue: This Settlement Agreement shall be construed in accordance with, and be governed by, the laws of the State of New York. The Parties agree that any dispute resulting in a legal proceeding arising out of, relating to, or to enforce any term of this Settlement Agreement shall be brought only in state or federal court located in New York, New York, which court shall have exclusive jurisdiction over any such dispute.

14. Service of Process: If a Party initiates a legal proceeding under Paragraph 13 of

3 – SETTLEMENT AGREEMENT AND RELEASE

this Settlement Agreement, the other Party (the "Defending Party") agrees that he/it will, upon written notice provided by both email and postal mail, appear in such legal proceeding and accept service of process and other papers personally or by an attorney of the Defending Party's choice. If the Defending Party fails upon such notice to appear, the Defending Party hereby designates the New York Secretary of State as his/its agent for the service of process in any such proceeding.

15.  Attorney's Fees:  The Parties shall each bear their own attorney's fees and costs incurred in the litigation of the Action and in the preparation and execution of this Settlement Agreement. In the event that any of the Parties brings any legal proceeding of any kind arising out of, relating to, or to enforce any term of this Settlement Agreement, the prevailing Party in that legal proceeding shall be entitled to all of his reasonable attorney's fees and costs incurred in enforcing this Settlement Agreement.

16.  No Modification:  This Settlement Agreement may not be modified or amended or waived, in whole or in part, except if the modification, amendment, or waiver is set forth in writing and is executed by each of the Parties.

IN WITNESS of this Settlement Agreement, the Parties have approved and executed this Settlement Agreement.

Dated: September 11, 2015

By: _____
Nicholas Stanziano
On behalf of SA Luxury Expeditions LLC

Dated: September 11, 2015

By: _____
Bernard Schleien