USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  11/21/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------X

SA LUXURY EXPEDITIONS, LLC,                         :
                                                                          :
                                            Plaintiff,       :
                                                                          :                    22-CV-3825 (VEC)
                  -against-                                      :
                                                                          :              OPINION & ORDER
BERNARD SCHLEIEN and PERU FOR LESS      :
LLC,                                                                  :
                                                                          :
                                            Defendants.   :

-------------------------------------------------------------X

VALERIE CAPRONI, United States District Judge:

         Defendants have moved for an award of attorneys' fees and costs based on a settlement

agreement between the parties (hereinafter, the "Motion").  For the reasons that follow,

Defendants' Motion is GRANTED IN PART.

## BACKGROUND

         Plaintiff SA Luxury Expeditions, LLC ("SA Luxury") operates a tour business

throughout Latin America, including Peru.  Am. Compl., Dkt. 37 ¶¶ 3, 10.  Defendant Bernard

Schleien owns Peru for Less LLC ("Peru for Less"), which provides private trips to and around

Peru.  *Id.* ¶¶ 5, 12.  Both businesses target customers in North America.  *Id.*  ¶¶ 13-18, 57-58.  In

September 2014, Plaintiff sued Schleien and one of his other companies, a non-party to this

action, in the U.S. District Court for the Northern District of California, alleging, *inter alia*, that

they had created and published negative reviews of SA Luxury on third-party websites.  Compl.

¶¶ 2, 14-17.  To resolve that lawsuit, on September 11, 2015, SA Luxury and Schleien entered

into an agreement (hereinafter, the "Settlement Agreement") pursuant to which Schleien agreed

not to make written or oral comments disparaging SA Luxury, including by posting negative online reviews.  *Id.* ¶¶ 2, 18-22.

More than five years later, SA Luxury saw an uptick in fraudulent reviews on review platforms and found what it characterized as "fraudulent activity" related to (i) its pay-per-click Internet advertising and (ii) leads for clients.  *Id.* ¶¶ 23-26, 33, 36.  Plaintiff again sued, this time alleging that Schleien and Peru For Less were behind this alleged fraudulent activity.  Am. Compl. ¶¶ 53-55.  SA Luxury alleged that Schleien and Peru for Less had breached the Settlement Agreement and violated New York and California unfair competition laws.  *See generally* Compl., Dkt. 1.  This Court dismissed the breach-of-contract claim with prejudice and the unfair-competition claims without prejudice.  Order & Opinion, Dkt. 24, at 10-11.  On November 30, 2022, with leave from the Court, Plaintiff filed an Amended Complaint.  *See generally* Am. Compl.  This Court dismissed the Amended Complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).  Order & Opinion, Dkt. 46.  Defendants now move to recover attorneys' fees on the breach-of-contract claim and on the instant motion. *See* Decl., Dkt. 49.

## DISCUSSION

### I.     Defendants Are Entitled to Attorneys' Fees Under the Settlement Agreement

Under New York law, attorneys' fees may not be awarded "unless authorized by agreement between the parties, statute, or court rule."  *Oscar Gruss & Son, Inc. v. Hollander*, 337 F.3d 186, 199 (2d Cir. 2003).  Contracts purporting to authorize fees "must be strictly construed to avoid inferring duties that the parties did not intend to create."  *Id.*  The Court will not infer an intent to provide for fees unless it is "unmistakably clear from the language of the contract."  *Id.* (cleaned up).  Unmistakable clarity arises "from the language and purpose of the entire agreement and the surrounding facts and circumstances."  *In re Refco Sec. Litig.*, 890 F.

2

Supp. 2d 332, 341 (S.D.N.Y. 2012) (quoting *Hooper Assocs., Ltd. v. AGS Computers, Inc.*, 548

N.E.2d 903, 905 (1989)).  A contract "should be construed so as to give full meaning and effect

to all of its provisions."  *LaSalle Bank Nat. Ass'n v. Nomura Asset Cap.*, 424 F.3d 195, 206 (2d

Cir. 2005) (internal citation omitted).  "[A]n interpretation that has the effect of rendering at least

one clause superfluous or meaningless . . . is not preferred and will be avoided if possible."  *Id.*

(cleaned up).

Defendants argue that Paragraph 15 of the Settlement Agreement between SA Luxury

and Schleien authorizes fees.  That paragraph provides:

> In the event that any of the Parties brings any legal proceeding of any kind
> arising out of, relating to, or to enforce any term of this Settlement
> Agreement, the prevailing Party in that legal proceeding shall be entitled to
> all of his reasonable attorney's [sic] fees and costs incurred in enforcing this
> Settlement Agreement.

Dkt. 49-1 ¶ 15.  Plaintiff responds that the language concluding this provision — that the

prevailing party is entitled to "fees and costs incurred in *enforcing* this Settlement Agreement,"

*id.* (emphasis added) — narrows the circumstances in which fees may be awarded.  Mem. in

Opp., Dkt. 50 at 2.  Under Plaintiff's narrow construction, this clause provides for fees only if the

prevailing party "enforces" the Settlement Agreement.  Plaintiff argues that Schleien is,

therefore, ineligible for fees because, in prevailing on the claim for breach of the Settlement

Agreement, he defended against improper enforcement attempts but did not, in fact, enforce the

Agreement.  *See id.*

Plaintiff's interpretation is unreasonable.  First, it would render all defendants ineligible

to recover fees in a breach of contract action unless they file a counterclaim.  Plaintiff's reading

would alter improperly the plain reading of the provision from one that awards fees to the

prevailing *party* to one that awards fees only to the prevailing *plaintiff*.  Second, Plaintiff's

interpretation would render the entire first half of Paragraph 15 superfluous and meaningless.

The opening clause of the paragraph outlines the broad universe of circumstances in which an award of fees is appropriate: namely, if "*any* of the Parties brings *any* legal proceeding of *any* kind arising out of, relating to, *or* to enforce any term of this Settlement Agreement." Dkt. 49-1 ¶ 15 (emphasis added).  This opening "language and [the] purpose of the entire agreement" make it unmistakably clear that it is a prevailing party provision.  *In re Refco*, 890 F. Supp. 2d 332 at 341.  Accordingly, the provision, read in its entirety, leaves no doubt that the intent of the signing parties was to provide for attorneys' fees beyond just enforcement actions.  "Because the parties' intent is ascertainable from the plain wording of the agreement, indemnification [for attorneys' fees] does not offend the rule that 'such contracts must be strictly construed to avoid inferring duties that the parties did not intend to create.'"  *Bank of New York Tr. Co. v. Franklin Advisers, Inc.*, 726 F.3d 269, 283 (2d Cir. 2013) (citing *Oscar Gruss*, 337 F.3d at 199) (finding an award of attorneys' fees appropriate based on a contract that provided, in relevant part, for fees "with respect to any pending or threatened litigation . . . caused by, or arising out of or in connection with [relevant actions]")).

The only reasonable interpretation of the agreement is that any prevailing party in an action arising out of, relating to, or seeking to enforce any term of the Settlement Agreement can recover attorneys' fees.[1]  Accordingly, Schleien is entitled to an award of attorneys' fees relating to the breach-of-contract claim.

---

[1]     Defendants argue that enforcement "includes seeking dismissal of Plaintiff's breach of contract claim here."  Reply, Dkt. 51 at 3.  "That is what Schleien was asking the Court to do in the dismissal motion: to *enforce* the terms of the Agreement the parties agreed to — not the one Plaintiff claimed they do."  *Id.*  Because the Court reads Paragraph 15 as a prevailing party provision, it need not decide whether Schleien's defense would constitute "enforcement."

## II.       The Calculation of Fees for The Breach-of-Contract Claim

"[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Cruz v. Local Union No. 3 of Int'l Bhd. of Elec. Workers*, 34 F.3d 1148, 1160 (2d Cir. 1994) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983)).  District courts have broad discretion in determining whether attorneys' fees are reasonable.  *Galeana v. Lemongrass on Broadway Corp.*, 120 F. Supp. 3d 306, 323 (S.D.N.Y. 2014) (citing *Hensley*, 461 U.S. at 437); *see also Goldberger v. Integrated Res., Inc.*, 209 F.3d 43, 47 (2d Cir. 2000).

Defendants' attorney requests an award of $9,404.24.  Reply, Dkt. 52 at 2.  That includes $5,565.00 in fees for the breach-of-contract claim (representing 40% of $13,912.50, the amount billed on the motion to dismiss at a rate of $375 per hour), $3,600 in fees for the motion for fees (representing 4.2 hours spent on the motion and 5.4 in reviewing the response and preparing the reply at a rate of $375 per hour), and $239.24 in costs.  *Id.*

Because only the Settlement Agreement provides for attorneys' fees, Defendant Schleien can recover fees on the breach-of-contract claim alone and not on the unfair-competition claims. Accordingly, only the portion of the total $13,912.50 billed for work performed on the breach-of-contract claim is recoverable.  In determining the relevant portion, block billing is permitted "as long as the [Court] is still able to conduct a meaningful review of the hours for which counsel seeks reimbursement." *Raja v. Burns*, 43 F.4th 80, 87 (2d Cir. 2022) (cleaned up).  Defendants argue that the factual background for the three claims was substantially the same, that the two unfair-competition claims were largely duplicative, and that on the basis of a comparison of page counts, 45% of the work done on the motion was for the breach-of-contract claim.  Dkt. 49 ¶ 15. In their reply, Defendants reduce the percentage requested to 40% of $13,912.50, or $5,565.00,

having failed to correct a calculation error in their fees motion.[2]  Dkt. 52 ¶ 5.  Plaintiff argues

that the billing provided does not detail, hour-by-hour, the work performed on the breach-of-

contract claim and that the fees requested are, therefore, not sufficiently specific and should be

denied or reduced.  Dkt. 50 at 5.

Defense counsel's invoices do not specify which billed hours corresponded with work on

which of the three claims.  The court finds, however, that Defendants' 40% estimate is

reasonable and that defense counsel's billing is sufficiently specific, having broken down hours

spent by activity performed.  *See* Dkt. 49-7 at 2-6 (describing work as "draft reply memorandum

of law," "detailed review of opposition papers and beginning outlining response," and "review of

discovery demands").

Overall, Defendants have sufficiently documented "the hours reasonably spent by

counsel, and the reasonableness of the hourly rates claimed."  *Congregation Rabbinical Coll. of

Tartikov, Inc. v. Pomona*, 188 F. Supp. 3d 333, 338 (S.D.N.Y. 2016).  Further, a rate of $375 per

hour, a billing rate that Plaintiff does not challenge, is a reasonable rate for a partner at a New

York law firm.  *See Blue Citi, LLC v. 5Barz Int'l Inc.*, 338 F. Supp. 3d 326, 342 (S.D.N.Y. 2018)

(noting that a rate of $375 per hour is reasonable for a law firm partner in New York).  The Court

sees no basis to reduce the fees requested for work opposing the breach-of-contract claim.

## III.    The Calculation of Fees for the Instant Motion

"[A]ttorneys are generally entitled to recover the reasonable cost of making a fee

application."  *B.B. v. New York City Dep't of Educ.*, 2018 WL 1229732, at *3 (S.D.N.Y. Mar. 8,

2018); *see also In re Navidea Biopharmaceuticals Litig.*, 2023 WL 2523625, at *3 (S.D.N.Y.

Mar. 15, 2023) (finding fees on fees appropriate despite possibility that attorney exhibited

---

[2]    In the original motion, Defendants calculated that 45% of $13,912.50 is $5,565.00; $5,565 is
actually 40%, not 45%, of $13,912.50.  Dkt. 49 ¶ 15.

"intransigence in filing fee applications"). "[E]xcessive, redundant, or otherwise unnecessary" fees are, however, unreasonable. *Hensley v. Eckerhart*, 461 U.S. 424, 433-34 (1983). Defendant Schleien seeks to recover fees for 4.2 hours spent preparing the initial fee application and another 5.4 hours spent preparing the reply memorandum, for a total of 9.6 hours, or $3,600 at a rate of $375 per hour. Dkt. 52 ¶ 5. Plaintiff claims that the Agreement does not affirmatively allow for fees on fees, and that 9.6 hours is an unreasonable amount of time to spend on a fees motion in any event. Dkt. 50 at 5-6.

Under the Court's reading of Paragraph 15 of the Settlement Agreement, which allows for fees for any action arising out of the Agreement, the prevailing party is entitled to fees on fees. The Court does, however, agree with Plaintiff that 4.2 hours spent preparing a fees motion and 5.4 hours spent preparing a reply to recover less than $6,000 in fees is excessive. Furthermore, Defendants do not provide any documentation for the time spent on the fees motion and reply brief. Dkt. 52-1 ¶ 5 ("I have not yet billed my client for the cost of this motion."). In line with the Court's prerogative to "exercise its discretion and use a percentage deduction as a practical means of trimming fat from a fee application," the Court applies a 50% reduction to decrease the fees on fees from the $3,600 requested to $1,800. *McDonald ex rel. Pendergast v. Pension Plan of the NYSA-ILA Pension Tr. Fund*, 450 F.3d 91, 96 (2d Cir. 2006) (internal citation omitted); *see also Gym Door Repairs, Inc. v. Total Gym Repairs*, 2023 WL 6519626 at *13 (S.D.N.Y Mar. 31, 2023) (reducing the requested award for vagueness in entries that did not allow the Court to assess whether the hours billed were reasonable).

The Court therefore awards Schleien $7,604.24 in attorneys' fees and costs, reflecting the sum of $5,565.00 for fees incurred on the motion to dismiss, $1,800.00 for fees incurred on the fees motion, and $239.24 in costs.

## CONCLUSION

For the foregoing reasons, Defendants' motion for attorneys' fees is GRANTED IN

PART.  It is hereby ordered that Defendant Schleien is entitled to attorneys' fees and costs from

Plaintiff in the amount of $7,604.24.

**SO ORDERED.**

**Date:  November 21, 2023**
**New York, New York**

**VALERIE CAPRONI**
**United States District Judge**